86 F.3d 1156
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
BEEBY PRODUCTS, INC., Respondent.
 No. 96-5460.
 United States Court of Appeals, Sixth Circuit.
 May 28, 1996.
 
 Before: KRUPANSKY, DAUGHTREY, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 The National Labor Relations Board (the "Board") applies for summary enforcement of its December 18, 1995, decision and order in Case No. 7-CA-37391 in which it found the respondent violated federal labor law and directed the respondent to take certain remedial steps stated therein. The respondent did not file an answer to the complaint and has not made an appearance either before the Board or this court. Under these circumstances, we conclude the Board is entitled to the relief sought. See 29 U.S.C. § 160(e) ("No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.")
 
 
 2
 It therefore is ORDERED that the Board's decision and order in Case No. 7-CA-37391 is hereby enforced. The respondent, Beeby Products, Inc, Detroit, Michigan, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Threatening employees with plant closure if General Industrial Employees Local Union 42, Distillery, Wine and Allied Workers International Union, AFL-CIO-CLC (the "Union") were voted in or if the Union obtained a contract.
 
 
 4
 (b) Threatening employees with unspecified reprisals because of their support for the Union.
 
 
 5
 (c) Interrogating employees regarding their union activities, sympathies, and support and the union activities, sympathies, and support of their fellow employees.
 
 
 6
 (d) Coercively implying to its employees it would be futile for them to support the Union by stating that it did not have to accept the Union or its contract offers.
 
 
 7
 (e) Coercively stating to its employees that it would put the Union off and not negotiate in order to get the Union off its back.
 
 
 8
 (f) Unilaterally or discriminatorily eliminating the second shift, changing employee starting times or breaktimes, reassigning bargaining unit work to supervisory employees, discharging unit employees, or bypassing the Union and dealing directly with its unit employees by offering a supervisory position while the employee continues to perform bargaining unit work.
 
 
 9
 (g) Delaying bargaining with the Union or refusing to provide contract proposals.
 
 
 10
 (h) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the National Labor Relations Act (the "Act").
 
 
 11
 2. Take the following affirmative action necessary to effectuate the policies of the Act:
 
 
 12
 (a) Rescind the unlawful changes and make whole the employees, with interest, for any losses attributable to its unlawful conduct in the manner set forth in the remedy section of the Board's decision and order.
 
 
 13
 (b) Offer the discharged employees immediate and full reinstatement to their former positions or, if those positions no longer exist, to substantially equivalent positions, without prejudice to their seniority or any other rights or privileges previously enjoyed, and make them whole for any loss of earnings or other benefits suffered as a result of the respondent's unlawful conduct, as set forth in the remedy section of the Board's decision and order.
 
 
 14
 (c) On request, bargain with the Union as the exclusive representative of the employees in the following appropriate unit on terms and conditions of employment and, if an understanding is reached, embody the understanding in a signed agreement. The unit includes the following employees:
 
 
 15
 All full-time and regular part-time production and maintenance employees employed by the respondent at its facility located at 4786 Bellevue, Detroit, Michigan, but excluding office clerical employees, managerial employees, guards and supervisors.
 
 
 16
 (d) Expunge from its files any and all references to the discharges of the employees, and notify the employees, in writing, that this has been done.
 
 
 17
 (e) Preserve and, on request, make available to the Board or its agents, for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this judgment.
 
 
 18
 (f) Post at its facility in Detroit, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by the respondent's authorized representative, shall be posted by the respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 19
 (g) Notify the said Regional Director, in writing, within 20 days from the date of this judgment, what steps the respondent has taken to comply with this judgment.
 
 APPENDIX
 
 20
 NOTICE TO EMPLOYEES POSTED PURSUANT TO A JUDGMENT OF THE
 
 
 21
 UNITED STATES COURT OF APPEALS ENFORCING AN ORDER
 
 OF THE NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 22
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 23
 WE WILL NOT threaten employees with plant closure if General Industrial Employees Local Union 42, Distillery, Wine and Allied Workers International Union, AFL-CIO-CLC were voted in or if the Union obtained a contract.
 
 
 24
 WE WILL NOT threaten employees with unspecified reprisals because of their support for the Union.
 
 
 25
 WE WILL NOT interrogate employees regarding their union activities, sympathies, and support or the union activities, sympathies and support of their fellow employees.
 
 
 26
 WE WILL NOT coercively imply to our employees it would be futile for them to support the Union by stating that we would not have to accept the Union or its contract offers.
 
 
 27
 WE WILL NOT coercively state to our employees that we would put the Union off and not negotiate in order to get the Union off our back.
 
 
 28
 WE WILL NOT unilaterally or discriminatorily eliminate the second shift, change employee starting times or breaktimes, reassign bargaining unit work to supervisory employees, discharge unit employees, or bypass the Union and deal directly with our unit employees by offering a supervisory position while the employee continues to perform bargaining unit work.
 
 
 29
 WE WILL NOT delay bargaining with the Union or refuse to provide contract proposals.
 
 
 30
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 31
 WE WILL rescind the unlawful changes and make whole the employees, with interest, for any losses attributable to our unlawful conduct in the manner set forth in a decision of the National Labor Relations Board.
 
 
 32
 WE WILL offer the discharged employees immediate and full reinstatement to their former positions or, if those positions no longer exist, to substantially equivalent positions, without prejudice to their seniority or any other rights or privileges previously enjoyed, and make them whole for any loss of earnings or other benefits suffered as a result of our unlawful conduct, as set forth in a decision of the National Labor Relations Board.
 
 
 33
 WE WILL, on request, bargain with the Union as the exclusive representative of the employees in the following appropriate unit on terms and conditions of employment and, if an understanding is reached, embody the understanding in a signed agreement. The unit includes the following employees:
 
 
 34
 All full-time and regular part-time production and maintenance employees employed by us at our facility located at 4786 Bellevue, Detroit, Michigan, but excluding office clerical employees, managerial employees, guards and supervisors.
 
 
 35
 We will expunge from our files any and all references to the discharges of the employees, and notify them, in writing, that this has been done.
 
 
 36
 BEEBY PRODUCTS, INC.